UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EASTON SPORTS, INC.
a California corporation,

        Plaintiff,

vs.

Case No. 05-CV-72031
HON. GEORGE CARAM STEEH

WARRIOR LACROSSE, INC.,
a Michigan corporation, and
NEW BALANCE ATHLETIC SHOE, INC.,
a Massachusetts corporation,

        Defendants.

_____/

OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS (#20)

Defendants Warrior Lacrosse, Inc. and New Balance Athletic Shoe, Inc. move to dismiss plaintiff Easton Sports, Inc.'s claims of intentional interference with business expectancies. A telephonic hearing was held on August 25, 2005.

**I. Background**

Easton filed a complaint on May 23, 2005 alleging Warrior Lacrosse and New Balance Athletic Shoe began a scheme of industrial espionage in December 2004 of "stealing Easton's trade secrets and raiding its employees." Easton alleges that Warrior and New Balance secretly induced former Easton Director of Hockey Marketing, Hamoyun Ghassemi, into providing them with trade secrets and confidential information regarding Easton's hockey equipment business. Easton also alleges that, while still employed by

Easton, Ghassemi developed a business plan for Warrior and New Balance to acquire potential Easton competitor Innovative Hockey, secretly communicated with Innovative Hockey on Warrior's behalf, and solicited away from Easton form Product Managers David Bankoske and Neil Wensley. Easton alleges Warrior's and New Balance's alleged actions "threaten to cause Easton substantial and irreparable harm." Count I alleges misappropriation of trade secrets in violation of Michigan's Uniform Trade Secrets Act ("MUTSA"), M.C.L. § 445.1901 et seq., and California's Uniform Trade Secrets Act ("CUTSA"), Cal. Code Anno. § 3426 et seq.. Count II alleges tortious interference with business relations. Easton is seeking preliminary and permanent injunctive relief, as well as damages. Easton's motion for a preliminary injunction is scheduled to be heard on October 6, 2005.

## II. Motion to Dismiss

Defendants move to dismiss Easton's claims of tortious interference with business relations on two grounds: (1) the tort claims are preempted by operation of the MUTSA and/or CUTSA; and (2) the claims do not allege that an unlawful interference has yet occurred, and do not allege specific facts that could support a reasonable inference of an existing threat of an actual unlawful interference. In adjudicating a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990).

The parties do not dispute that both the MUTSA and CUTSA preempt common law tort claims alleging misappropriation of trade secrets or confidential information. The parties instead dispute the scope of the MUTSA's and CUTSA's preemptive effect. In Compuware Corp. v. IBM, No. 02-CV-70906, 2003 WL 23212863, at *8 (E.D. Mich. Dec. 19, 2003) (unpublished), this court cited Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co., 270 F.Supp.2d 943, 946 (W.D. Mich. 2003) for the principle that, in determining "whether a cause of action is displaced [by the MUTSA], courts generally examine whether the claim is based solely on the misappropriation of a trade secret." The Compuware plaintiff's motion for preliminary injunctive relief premised on a tortious interference claim was denied upon a finding that the claim related "exclusively to trade secret misappropriation." Id. The district court in Bliss denied a motion to dismiss a claim of tortious interference with a business relationship alleging misuse of a trademark after first determining that "the disputed status of information as a trade secret does not preclude a court from determining whether a claim or claims are displaced by the MUTSA." Bliss, 270 F.Supp.2d at 948-49.  . . . . [T]he [Illinois Trade Secrets Act ("ITSA")] does not . . . simply preempt common law claims for which misappropriation of a trade secret is an element.  Rather, the provision eliminated common law claims based on conduct which might support an ITSA action.  In other words, if the operative facts are arguably cognizable under the ITSA, any common law claim that might have been available on those facts in the past no longer exist in Illinois.

Bliss, 270 F.Supp.2d at 948 (applying ITSA by analogy and quoting Learning Curve Toys, L.P. v. Playwood Toys, Inc., No. 94 C 6884, 1999 WL 529572 (N.D.Ill. July 20, 1999)). The CUTSA preempts tort claims that are "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." Digital Envoy, Inc. v. Google, Inc., 370 F.Supp.2d 1025, 1035 (N.D.Calif. 2005) (citing Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc., 318 F.Supp.2d 216, 219-220 (D.Del. 2004)).

Compuware, Bliss, and Digital Envoy instruct that Easton's claims of intentional interference with business expectations are preempted by both the MUTSA and the CUTSA to the extent the tort claims rely upon the misappropriation of Easton trade secrets and confidential information.  A claim of tortious interference under either Michigan or California law requires proof of a "wrongful act" that interferes with the business expectancy.  See Early Detection Center, P.C. v. New York Life Ins. Co., 157 Mich. App. 618, 631, 403 N.W.2d 830 (1986) (holding that liability requires proof that the defendant did something illegal, unethical or fraudulent); Rickel v. Schwinn Bicycle Co., 144 Cal. App.3d 648, 657-658 (1983) (holding that plaintiff's only pleading responsibility is to allege that the defendant's interference was "wrongful").  The defendant's alleged "wrongful acts" must be outside the realm of legitimate business practices.  PDV Midwest Refining LLC v. Armada Oil & Gas Co., Inc., 116 F.Supp.2d 835, 850 (E.D.Mich.  1999); Rickel, 144 Cal. App.3d at 657-658. Easton's claims that Ghassemi directly provided trade secrets or confidential information to Warrior, New Balance, and/or Innovative Hockey, used confidential information or trade secrets to create a business plan for Warrior, and indirectly provided trade secrets and confidential information to Warrior, New Balance, and/or Innovative Hockey by soliciting away Bankoske and Wensley from Easton to Warrior, are each preempted by the MUTSA and CUTSA as a matter of law because the alleged "wrongful acts" are the misappropriation of trade secrets or confidential information.  Compuware, 2003 WL 23212863 at *8; Bliss, 270 F.Supp.2d at 948; Digital Envoy, 370 F.Supp.2d at 1035; Early Detection Center, P.C., 157 Mich. App. at 631; Rickel, 144 Cal. App.3d at 657-658; Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., Inc., 922 F.2d at 330.  Dismissal of these claims is appropriate even assuming a dispute exists whether the information alleged transferred from Ghassemi,

Bankoske, and/or Wensley to Warrior, New Balance, and/or Innovative Hockey was in fact a trade secret or confidential information. Bliss, 270 F.Supp.2d at 948-49.

Easton argues that its tortious interference with business expectancy claims are also based on the defendants' inducing Ghassemi into breaching a common law fiduciary duty of loyalty owing to Easton as his employer, citing Hayes-Albion v. Kuberski, 421 Mich. 170, 364 N.W.2d 609 (1984), Central Cartage Co. v. Fewless, 232 Mich. App. 517, 591 N.W.2d 422 (1998), In re Wilcox, 310 B.R. 689 (Bankr. E.D. Mich. 2004), and Reeves v. Hanlon, 33 Cal.4th 1140 (2004). As with Easton's claims of tortious interference with business expectancies premised on the alleged "wrongful acts" of misappropriation of trade secrets or confidential information, claims of breach of a fiduciary duty owing to an employer premised on the misappropriation of trade secrets or confidential information are likewise preempted by the MUTSA and CUTSA. Compuware, 2003 WL 23212863 at *8; Bliss, 270 F.Supp.2d at 948; Digital Envoy, 370 F.Supp.2d at 1035; Early Detection Center, P.C., 157 Mich. App. at 631; Rickel, 144 Cal. App.3d at 657-658. The alleged 1976-1977 misappropriation of trade secrets in Hayes-Albion occurred well before enactment of the MUTSA in 1998, and does not displace the MUTSA's current preemptive effect over any tort claims alleging the misappropriation of trade secrets. See Hayes-Albion, 421 Mich. at 177-178; 170 1998 P.A. 448. Easton does not allege that the defendants induced Ghassemi into diverting commissions earned by Easton to the defendants. See Central Cartage Co., 232 Mich. App. at 535. Nor does Easton allege the defendants induced Ghassemi into executing financing documents to Easton's detriment and Ghassemi's or the defendants' benefit. See In re Wilcox, 310 B.R. at 694. Reeves, recognizing that a claim for tortious interference with an at-will contract under California law is actionable upon proof that the defendant "engaged

in an independently wrongful act" begs the question whether Easton's tortious interference with business expectancy claims allege a "wrongful act" other than the misappropriation of trade secrets or confidential information.  See Reeves v. Hanlon, 33 Cal.4th at 1152.

Defendants cite Wausau Underwriters Ins, Co. v. Vulcan Development, Inc., 323 F.3d 396, 404 (6th Cir. 2003) as requiring Easton's factual predicate of any alleged "wrongful act" to be pleaded with specificity.  "To establish that a lawful act was done with malice and without justification, the plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference."  PDV Midwest, 116 F.Supp.2d at 850 (citing Feldman v. Green, 138 Mich.App. 360, 369, 360 N.W.2d 881 (1984)).  Both Wausau and PDV Midwest were decided on motions for summary judgment, not on motions for dimissal.  Wausau , 323 F.3d at 397, 404-405; PDV Midwest, 116 F.Supp.2d at 839.  Further, in this diversity action, the Federal Rules of Civil Procedure apply to matters of pleading and procedure.  Van American Ins. Co. v. Schiappa, 191 F.R.D. 537, 541 (S.D. Ohio 2000) (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).  Other than fraud and mistake, the Federal Rules do not generally require pleading factual circumstances with particularity.  See Fed. R. Civ. P. 9(b).

The question before the court today is whether it appears beyond doubt that Easton can prove no set of facts in support of its claim of tortious interference with business expectancies which would entitle to Easton to relief.  Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., Inc., 922 F.2d at 330.  While the court agrees with Warrior and New Balance that Easton must ultimately prove specific "wrongful acts" other than the misappropriation of trade secrets and confidential information to recover on a claim of tortious interference with business expectancies, Wausau, 323 F.3d at 404;  PDV Midwest, 116 F.Supp.2d at

850, the court is not persuaded at this point that Easton can prove no set of facts to support such a claim. Likewise, and in deference to the upcoming preliminary injunction hearing, the court is not persuaded at this time that it is beyond doubt that Easton cannot prove a set of facts that would support a finding of threatened harm to Easton's business expectancies sufficient to warrant injunctive relief. Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., Inc., 922 F.2d at 330. Accordingly,

Defendants' motion to dismiss is hereby DENIED, pending further legal and factual development consistent with the analysis herein.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 14, 2005, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk