UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EASTON SPORTS, INC.
a California corporation,

        Plaintiff,

vs.

        Case No. 05-CV-72031
        HON. GEORGE CARAM STEEH

WARRIOR LACROSSE, INC.,
a Michigan corporation, and
NEW BALANCE ATHLETIC SHOE, INC.,
a Massachusetts corporation,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (#109)

Plaintiff Easton Sports, Inc. moves for leave to file a First Amended Complaint. Defendants Warrior Lacrosse, Inc. and New Balance Athletic Shoe, Inc. have not filed a response to the motion. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Easton's May 23, 2005 Complaint alleges claims of misappropriation of trade secrets in violation of Michigan's Uniform Trade Secrets Act, M.C.L. § 445.1901 et seq., and California's Uniform Trade Secrets Act ("CUTSA"), Cal. Code Anno. § 3426 et seq., and tortious interference with business relations. The Complaint alleges that defendants Warrior and New Balance induced former Easton Director of Hockey Marketing Hamoyun Ghassemi to provide Warrior and New Balance with Easton trade secrets and confidential information relative to Easton's hockey equipment business. The Complaint also alleges that, while Ghassemi continued to work for Easton, he developed a business plan for competitors

Warrior and New Balance to acquire Innovative Hockey.  The Complaint further alleges that Ghassemi solicited away Easton Product Managers David Bankoske and Neil Wensley to work for Warrior and New Balance.

Easton moves for leave to file a First Amended Complaint to add another claim of tortious interference with business expectancy, and a new claim of tortious interference with contract.  The proposed First Amended Complaint also alleges with greater specificity that: Ghassemi gave Warrior's David Morrow the idea of acquiring Innovative Hockey; Ghassemi assisted Warrior in dissuading Innovative Hockey from being acquired by Easton; Morrow solicited Ghassemi's assistance in Warrior's acquisition of Innovative Hockey after Morrow received a copy of a "Conflict of Interest, Trade Secret and Confidentiality Agreement" executed by Ghassemi as an Easton employee, which prohibited Ghassemi from performing "'any work or services including any consulting services, for any person, firm or corporation that . . . is or may become in competition with Easton' or from soliciting other Easton employees to leave their employment with Easton," First Amended Complaint, ¶ 9, at 4-5, and; Ghassemi and Morrow together solicited employees away from Easton to Warrior.  The First Amended Complaint also alleges the collective actions of Ghassemi and Morrow prevented Easton from acquiring Innovative Hockey.  The added tortious interference with business expectancy claim alleges Warrior and New Balance interfered with Easton's expectation of acquiring Innovative Hockey.  <u>See</u> First Amended Complaint, ¶ 25, at 8-9. The new tortious interference with contract claim alleges Warrior and New Balance received a copy of Ghassemi's "Conflict of Interest, Trade Secret and Confidentiality Agreement" in December 2004 or January 2005, and instigated Ghassemi to breach that contract with Easton.  <u>See</u> First Amended Complaint, ¶ 29-33, at 9-10.

Leave to amend a complaint is to be freely granted when justice so requires.

See Fed. R. Civ. P. 15(a).  Absent bad faith or dilatory motive on the part of the movant, leave to amend should be granted unless the amended claims would not survive a motion to dismiss.  Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991).  Warrior and New Balance have not opposed the motion.  The proposed amendments do not suggest bad faith or a dilatory motive.  Nor do the proposed amended claims appear subject to dismissal on their face.  Accordingly,

Easton's motion for leave to file a First Amended Complaint is hereby GRANTED.

SO ORDERED.

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on January 31, 2006, by electronic and/or ordinary mail.

                                            s/Josephine Chaffee
                                            Secretary/Deputy Clerk