UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EASTON SPORTS, INC.,

        Plaintiff,

v.

WARRIOR LACROSSE, INC.,
et al.,

        Defendants.
_____/

CIVIL ACTION NO. 05-72031

DISTRICT JUDGE GEORGE CARAM STEEH

MAGISTRATE JUDGE DONALD A. SCHEER

**ORDER GRANTING IN PART EASTON'S MOTION
TO SEEK NON-CONFIDENTIAL TREATMENT
OF CERTAIN DOCUMENTS AND
DEPOSITION TESTIMONY**

    This cause is before the magistrate judge on Easton's Motion to Seek Non-Confidential Treatment of Certain Documents and Deposition Testimony. The parties appeared, by counsel, for hearing on April 19, 2006. Having reviewed the motion, together with Defendants' Brief in Opposition and Easton's Reply, and having heard the arguments of counsel, I find that the motion should be granted, in part.

    The Complaint in this action was filed on May 25, 2005. Defendants filed their Answer and Affirmative Defenses on June 17, 2005. On the same date, the parties submitted a stipulated Protective Order. The Protective Order provided that any document, information or other material produced in the course of this action by a party (or a non-party subject to the Order) could be designated CONFIDENTIAL. The use of such confidential material by the receiving party was subject to numerous limitations. One of those provided that the material "shall not be shown, described or otherwise revealed to any party, affiliate of a party, competitor of a party or affiliate of such competitor, or an officer, director,

employee or agent of a party, competitor of a party or affiliate of a party or competitor of a party," except as specifically omitted.  The Protective Order further provided that any party who disagreed with the propriety of a confidential designation could initiate a challenge by giving the designated party written notice of its disagreement not later than thirty (30) days after receiving the materials in question.  In the event the parties were unable to adjust their disagreement, the Order permitted the party challenging the designation to request appropriate relief from the Court.  The burden of proving that the material had been improperly designated as confidential material was imposed upon the challenging party.

The instant motion is an effort by Easton to challenge the confidential material designation by the defendants of certain documentary and testimonial evidence produced by them in discovery.  The parties agree that the motion was not filed within thirty (30) days of Easton's receipt of the challenged materials.

Fed.R.Civ.P. 26(c) authorizes a court to enter a protective order "for good cause shown."  The Order in this case was entered by stipulation of the parties to protect them and others who might be required "to disclose trade secrets, proprietary information and other confidential business information."  Good cause may exist to protect such information.  Brown and Williamson Tobacco v. FTC, 710 F.2d 1165, 1176-82 (6th Cir. 1983).  Such protection, however, must be "narrowly tailored so as not to extend beyond what is essential to achieve an appropriate interest."  In Re: Southern Ohio Correctional Facility, 24 Fed.Appx. 520, 531 (6th Cir. 2001).  In submitting the Order to the Court in this case, the parties did not tender to the Court the materials sought to be protected.  Accordingly, no tailoring of protections was possible.  Nonetheless, the materials subsequently designated

by the parties as confidential must be subjected to the good cause requirement of the rule. Plaintiff cites authority for the proposition that protective orders are not given binding effect until good cause is established, regardless of agreed upon time limitations. Jepson, Inc. v. Maquita Electric Works Ltd., 30 F.3d 854 (7th Cir. 1994) (overturning a district court's denial of a Motion to Modify a Protective Order made approximately one year after it was entered, despite condition in the Protective Order requiring challenges to designations within twenty (20) days). I am satisfied that this Court must address issues of "good cause" and appropriate tailoring of protections at the time a Motion to Modify a Protective Order is made. Id., at 858-59 (citing United States v. Kentucky Utilities Co., 124 FRD 146 (E.D. KY 1989), rev'd on other grounds, 927 F.2d 252 (6th Cir. 1991).

"Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by Affidavits and concrete examples, rather than broad, conclusory allegations of potential harm. Tinman v. Blue Cross and Blue Shield of Michigan, 176 F.Supp. 2nd 743, 745-46 (E.D. Mich 2001) quoting Deford v. Schmid Products Co., 120 FRD 648-53 (D. MD 1987).[1]

---

[1] Defendants suggest that the burden of proof is reversed in this instance by agreement of the parties. Paragraph 13 of the Protective Order does provide that the burden of proving that material has been improperly designated as confidential material is on the challenging party. No agreement of the parties, however, can relieve the court of its responsibility to ensure that disclosure would cause significant harm to the designating party, and that restrictions against the use of the material by the opposing party are narrowly tailored.

"[U]nder Fed.R.Civ.P. 26(c), the district court has the power to issue a protective order only upon a showing of 'good cause.' Even if the parties agree that a protective order should be entered, they still have 'the burden of showing that good cause exists for the issuance of that order. It is apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection . . ..'" Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988), cert. denied, 488 U.S. 1030 (1989) (quoting In Re: Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145-46 (2nd Cir.) cert. denied, sub nom. Dow Chem Co. v. Ryan, 484 U.S. 953 (1987).

Paragraphs 7 through 9 of the Complaint allege that Defendants executed a scheme to enter the hockey equipment business by engaging in a campaign of industrial espionage designed to obtain Plaintiff's trade secrets and lure away its employees. Plaintiff alleges that Defendants secretly induced its employee, Homayoun Ghassemi, Easton's Director of Hockey Marketing, to compromise Easton's trade secrets, develop a plan for Defendants to enter the hockey equipment supply business and to acquire Innovative Hockey and to solicit Easton's employees. The Complaint asserts that Ghassemi, while still in Easton's employ, responded to Defendants' inducements by developing a business plan for the development of "Warrior Hockey," in part through the acquisition of a company called Innovative Hockey. It is alleged that Ghassemi utilized Plaintiff's trade secrets in preparing the business plan, and that he directly assisted Defendants in their successful effort to acquire Innovative Hockey, despite the fact that Easton was also attempting to acquire that company.

The documents and testimony which are the subject of the instant motion are described in the List of Unresolved Issues which was submitted in preparation for the

4

hearing of the motion.  The List of Unresolved Issues reveals that the Plaintiff significantly narrowed the scope of its requests, and that the Defendants have agreed to the disclosure of certain information.  Having examined the written submissions of the parties, in light of the arguments of counsel at the hearing, I find that the portions of documents designated for disclosure as reflected in Plaintiff's Revised Exhibit A are not entitled to confidential status under the Court's Protective Order, and may be utilized by Plaintiff without restriction in this litigation.  The portions to be excepted from the coverage of the Protective Order are highlighted in green on the Revised Exhibit A submitted to the Court.  The Court assumes that a similarly highlighted copy of Plaintiff's Revised Exhibit A has been provided to the Defendants.  Should there be any confusion as to the specific portions of the documents to which this Order refers, the Court will make available its copy of Revised Exhibit A to counsel for the parties.

I further find that the following portions of deposition testimony relating to Defendants' initial meeting with Innovative President Ron Kunisaki are not entitled to confidential status under the Protective Order:

> David Morrow's testimony that he asked then current Easton employee Homayoun Ghassemi to arrange a meeting with Innovative Hockey's Ron Kunisaki in Los Angeles, Morrow Dep. at 53, 55;
>
> The location of the meeting, id. at 54;
>
> The length of the meeting and Kunisaki's surprise at Morrow's interest in buying his company, id. at 56-58;
>
> Ghassemi's presence at the meeting, id. at 59, 64;
>
> Morrow's knowledge that Ghassemi and Kunisaki knew each other prior to the meeting, id. at 65-66;

5

Ghassemi's testimony about facilitating a meeting at Morrow's request, Ghassemi's testimony concerning Kunisaki's lack of surprise at the meeting, and thoughts on why Morrow asked him to arrange the meeting, Ghassemi Dep. at 88-90.

Ghassemi's testimony on the length of the meeting, and testimony that Morrow, Kunisaki and Ghassemi "rehashed the business model." Id. at 95-96.

I further find that the following testimonial evidence relating to Defendants' negotiations in the interim between the initial meeting with Kunisaki and the ultimate acquisition of Innovative Hockey is not entitled to confidential status under the Protective Order:

Morrow's testimony that Ron Kunisaki called him back a few weeks after the meeting, Morrow Dep. at 59-60;

Morrow's testimony that he met with Kunisaki again with a New Balance employee, and later flew out to meet Kunisaki at Innovative's factory, id. at 65-67;

Morrow's testimony that, during this visit, he discussed the deal with Kunisaki and New Balance CEO Jim Davis, id. at 74-75;

Morrow's testimony concerning the approximate date that Kunisaki traveled to New Balance's corporate headquarters and negotiated the deal, id. at 75-76;

Morrow's testimony that the parties were close on the offer amount but not on whether to do a stock purchase or asset purchase, as well as testimony concerning Morrow's absence at this point of the negotiations, Morrow's lack of knowledge of the final amount, and the timing of these negotiations, id. at 75-78, 112;

David Morrow's initial estimate of the amount Defendants should offer to buy Innovative, id. at 96;

Morrow's professed lack of knowledge of what actual numbers were discussed with Kunisaki, id. at 97;

Morrow's testimony regarding the date on which he was finally able to make post-acquisition plans with Kunisaki, Id. at 122-123.

6

I further find that the following testimonial evidence relating to Ghassemi's role in the Defendants' acquisition of Innovative Hockey is not entitled to confidential status under the Protective Order:

> Ghassemi's testimony about a document entitled "Warrior Hockey Launch Strategy Options" which lists Innovative as one of two options. Ghassemi's testimony that he could not recall if Innovative was brought up in his initial meetings with David Morrow or Jim Davis, Ghassemi Dep. at 87-88;

> Ghassemi's claim that Easton had no interest at the time in purchasing Innovative, and that he never considered what impact a Warrior acquisition of Innovative would have on Easton, id. at 91-93;

> Ghassemi's testimony as to a lack of memory of any meeting in 2005 involving himself, Easton Vice President of Hockey Ned Goldsmith and Innovative President Ron Kunisaki, id. at 93-94;

> Ghassemi's testimony regarding communications with Easton about Warrior and their interest in Innovative, id. at 107-109.

I further find that the following testimonial evidence relating to Ghassemi's relationship and conversations with Kunisaki is not entitled to confidential status under the Protective Order:

> Ghassemi's testimony regarding conversations with Kunisaki and others during Hockey Trade Show time, which he sometimes shared with Easton, Ghassemi Dep. at 96-100, 102.

> Ghassemi's testimony that Kunisaki shared details of what other hockey companies (not Defendants) wanted in purchasing Innovative, but did not discuss Warrior specifically; that Kunisaki never asked him for advice; and that Ghassemi never told Easton about Warrior's interest, but did tell them about others, Ghassemi Dep. at 102-108, 149-150.

I further find that the following testimonial evidence relating to the hiring by Defendants of Ghassemi, Wensley and Bankoske is not entitled to confidential status under the Protective Order:

> David Morrow's testimony that the only interviewees he listed were former Easton employees, Morrow Dep. at 29-31;
>
> Morrow's testimony regarding timing of meetings with Ghassemi and the other personnel involved, id. at 60-63, 111;
>
> Morrow's testimony that he talked to Ghassemi about marketing for lacrosse, not hockey, id. at 125-128;
>
> Ghassemi's testimony about these same subjects, Ghassemi Dep. at 130-131, 140-142;
>
> Morrow's testimony regarding the timing and location of the interviews with David Bankoske and Neil Wensely, Morrow Dep. at 130, 132-133.

I further find that the following testimonial evidence concerning Defendant Warrior's acquisition of Innovative is not entitled to confidential status under the Protective Order:

> Morrow Deposition, pages 61-62, 127-128;
>
> Ghassemi Deposition, pages 132, 135-136.

I further find that the following testimonial evidence relating to the hiring of Easton employees by Defendants is not entitled to confidential status under the Protective Order:

> Morrow Deposition, page 131;
>
> Ghassemi Deposition, pages 139, 157-159.

I further find that the following documentary evidence containing information transmitted by Defendants to Homayoun Ghassemi during the period of his employment by Plaintiff is not entitled to confidential status under the Protective Order:

> Documents NB00831 through NB00843 (as reflected in Exhibit D to Plaintiff's Brief in Support of its Motion to Seek Non-Confidential Treatment.

IT IS FURTHER ORDERED that the documents and testimonial evidence relating to Easton's efforts to acquire Warrior are not entitled to confidential status under the Protective Order. Should Easton fail to remove the confidential designation from such

information within thirty (30) days of the date of this Order, Defendants may challenge such designation by appropriate motion. Nothing in this Order should be construed as a prohibition against a further challenge by any party to the designation of other materials as "confidential" within the meaning of the Court's Protective Order.

IT IS FURTHER ORDERED that Plaintiff shall make no disclosure of the evidence described herein to persons not entitled to receive CONFIDENTIAL information until the Defendants' have waived or exhausted their right to appeal of this Order to the district judge.

                                                       s/Donald A. Scheer
                                                       DONALD A. SCHEER
                                                       UNITED STATES MAGISTRATE JUDGE

DATED: September 20, 2006

---

### CERTIFICATE OF SERVICE

I hereby certify on September 20, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 20, 2006. **None.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                   (313) 234-5217