UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EASTON SPORTS, INC.,

        Plaintiff,

v.

WARRIOR LACROSSE, INC.,
et al.,

        Defendants.
_____/

CIVIL ACTION NO. 05-72031

DISTRICT JUDGE GEORGE CARAM STEEH

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER GRANTING IN PART EASTON SPORTS, INC.'S MOTION REGARDING NEWLY DISCLOSED EVIDENCE AND FOR SANCTIONS

    This cause is before the magistrate judge on Plaintiff Easton Sports, Inc.'s Motion Regarding Newly Disclosed Evidence and for Sanctions. The parties appeared, by counsel, for hearing on January 10, 2006. Having reviewed Plaintiff's motion, together with Defendants' Response, and having had the benefit of argument and extensive post-hearing briefing, I find that the motion should be, and the same is hereby granted in part.

    Upon review of the record and the evidence presented in connection with Plaintiff's motion, I make the following findings of fact:

    1. In late November 2004, David Morrow, President of Warrior Lacrosse, Inc. ("Warrior") contacted Homayoun "Holmes" Ghassemi, Director of Hockey Marketing for Easton Sports, Inc. ("Easton") regarding his possible employment by Warrior. (Ghassemi Dep. at pp. 69-70; Morrow Dep. at p. 60).

2. In January 2005, Ghassemi arranged and attended a meeting between Morrow and Ron Kunisaki of Innovative Hockey ("Innovative"). The subject of the meeting was the potential acquisition of Innovative by Warrior. (Ghassemi Dep. at pp. 93-96).

3. In February 2005, Ghassemi used his personal Yahoo computer service account to forward a "Hockey Business Model" to Morrow and Nicole LeCuyer of New Balance. The attachment includes a projection attributed to "Holmes" that he could build Innovative's sales to $50M in five years. (Plaintiff's Ex. C).

4. Between February 22 and March 7, 2005, Ghassemi forwarded several Easton files from his office email account to his personal Yahoo account. Included were emails entitled "Stealth Pants Concept" and "EMX & SHS Cross Sections," the attachments to which were later found to have been downloaded to Ghassemi's Warrior computer. (Plaintiff's Ex. D and Ex. E).

5. On March 20, 2005, (a Sunday). Ghassemi accessed approximately 200 Easton files on his office computer. (Plaintiff's Ex. F and Ex. G).

6. On March 21, 2005, Ghassemi informed Easton of his resignation. (Plaintiff's Ex. F; Ghassemi Dep. at p. 152). He accepted Warrior's offer of employment on the same date. (Ex. E to Defendant's Post-Hearing Brief of 2/9/06).

7. On March 29, 2005, Ghassemi accessed at least 90 files on his Easton computer. An additional 46 files were introduced into the software. On the same date, Ghassemi met with Easton officials for the last time and departed the premises. (Plaintiff's Exs. H, I and J; Goldsmith Dep. at pp. 38-39; Ghassemi Dep. at p. 175).

8. On April 26, 2005, Easton's attorney notified David Morrow of Warrior by letter that Easton had reason to believe Ghassemi had stolen trade secrets. (Plaintiff's Ex. K).

9. On April 28, 2005, Warrior's counsel replied by letter, stating that the firm was "in the process of examining the facts underlying this matter," and that it would "continue to investigate." (Defendant's Ex. 2).

10. On April 28, 2005, Warrior amended Ghassemi's offer of employment letter, adding language that Ghassemi should not bring anything from Easton to his employment with Warrior. (Defendant's Ex. 3).

11. On May 4, 2005, Warrior's counsel issued a letter denying that "Ghassemi, Wensley or Bankoske had retained any documents" from Easton. (Plaintiff's Ex. L).

12. On May 9, 2005, Easton's counsel disclosed screenshots of Ghassemi's Easton computer to Warrior's attorneys. The screenshots reflected Ghassemi's access to 100 files on March 20, 2005. (Plaintiff's Ex. M).

13. Upon receipt of Easton's May 9, 2005 letter, Morrow inquired of Ghassemi as to whether he had taken any Easton confidential information. Ghassemi denied doing so. (Morrow Dep. at pp. 135-36).

14. On May 11, 2005 and May 18, 2005, Ghassemi submitted affidavits denying the theft of Easton documents. (Plaintiff's Ex. N).

15. On May 23, 2005, Easton filed its Complaint in this action. The Complaint alleged Ghassemi's misappropriation of Easton documents as well as his use of his Yahoo account to communicate with Defendants. The Complaint was served upon Defendants' attorneys by facsimile copy. (Complaint at ¶11; Proof of Service).

16. On May 24, 2005, Ghassemi canceled his Yahoo account, which resulted in the destruction of Yahoo records concerning his computer use. (Plaintiff's Exs. O and P).

17. On May 24, 2005, Easton requested forensic inspection of Warrior computers. (Easton's Brief in Support of Its Motion for Expedited Discovery, p. 8).

18. On June 7, 2005, the district judge indicated that he would be inclined to permit a forensic review of the computer hard drives of Ghassemi, Bankoske and Wensley, but did not definitively rule on Plaintiff's motion. (Plaintiff's Ex. Q).

19. On June 10, 2005, the Court issued a Document Preservation Order, including "documents or files that are possessed by "Homayoun Ghassemi, among others." (Docket No. 15).

20. On June 10, 2005, Easton served its First Request for Production of Documents, which included requests for "all documents which originated at Easton," all documents "referring to Easton" and "all documents referring to document destruction, modification or deletion." (Easton's Request for Production #2, 11, 14).

21. On July 15, 2005, Defendants produced documents in response to Plaintiff's requests.  None of the documents from Ghassemi evidenced his possession or misappropriation of Easton documents. (Defendant's Ex. 9).

22. On August 24, 2005, Easton moved to compel inspection of the computers of Ghassemi, Wensley, Bankoske and Morrow. (Docket Entry 46).

23. On September 8, 2005, Ghassemi testified under oath that he "didn't take any information" and that, other than some documents he found in his apartment and returned, he did not "leave Easton with any Easton documents of any kind." (Ghassemi Dep. at pp. 190-191).

24. On September 14, 2005, the magistrate judge ordered an inspection of the Ghassemi, Wensley and Bankoske hard drives. (Docket No. 61).

25. On October 7, 2005, Ghassemi executed yet another declaration that he did not take or transfer any confidential Easton information. (Defendant's Ex. 14).

26. On November 2, 2005, forensic examination of the unallocated space on Ghassemi's Warrior computer revealed that it had "experienced" a CD which appeared to have been produced on March 19, 2005, and which contained six Easton file names. It could not be determined whether any files were opened, copied, printed or transmitted. (Defendant's Ex. 18).

27. On December 22, 2005, Defendant produced documents revealing that two additional Easton file names traceable to Ghassemi's Yahoo account were found on his Warrior hard drive. (Plaintiff's Exs. B and E).

It is clear from the evidence that Defendants participated in a series of communications to and from Homayoun Ghassemi during the term of his employment with Easton. Plaintiff characterizes those communications as part of an effort by Defendants to recruit Ghassemi and to exploit his disloyalty to Easton by securing access to the Plaintiff's trade secrets and other confidential business information. Defendants' deny any effort on their part to gain access to Easton's confidential information. They maintain that their efforts to persuade Ghassemi and others to leave Easton's employ and to work for Warrior constituted a normal and perfectly legitimate business practice. Those opposing positions constitute the merits of this case, and are beyond the scope of this motion. The only issue for determination here is whether Defendants wilfully, or negligently, destroyed evidence or otherwise permitted it to be lost, such that a default judgment or other sanction should be imposed against them.

I am persuaded that Homayoun Ghassemi inappropriately accessed numerous confidential electronic documents in Easton's computer record system. I am satisfied that Ghassemi transferred at least a portion of those records to his personal Yahoo computer service account. I find that Ghassemi corruptly terminated his Yahoo computer service contract with the intent to bring about the destruction of any information or data compiled or stored through that service. I further find that Ghassemi inappropriately copied confidential Easton business information to a compact disc ("CD"); that he retained control of the disc following the termination of his employment with the Plaintiff; and that he thereafter accessed the contents of the disc through the computer assigned to him by Warrior. That information, however, was deleted (apparently by Ghassemi) after the filing of this lawsuit, but prior to the court ordered examination of the computer hard drive.

Subsequent forensic examination of computers utilized by other relevant employees of the Defendants has yielded no evidence of access by them to Plaintiff's confidential information. Nor is there evidence that Ghassemi, or anyone else, disseminated hard copies of any Easton document.

I find the evidence on the issue of whether Defendants acted promptly enough, or aggressively enough, in acting to preserve relevant and discoverable information to be sufficient to warrant a finding of at least negligence, and to justify the imposition of a sanction. I am satisfied, however, that Plaintiff has not met its burden of establishing a breach of Defendants' discovery obligations so severe as to warrant the striking of their defenses and the imposition of a default judgment.

A party has a duty to preserve evidence where it is reasonably foreseeable that it is material to a potential legal action and properly discoverable. Spoliation of evidence

occurs when a party intentionally alters or destroys relevant evidence before an imposing party has an opportunity to examine it. If a threshold showing of spoliation is made, the burden shifts to the possessor of the evidence to prove that the opponent was not prejudiced by the alteration or destruction. The test for prejudice is whether there is a reasonable possibility, based upon concrete evidence, that access to the destroyed or altered evidence, which is not otherwise obtainable, would produce evidence favorable to the objecting party. Nationwide Mutual Fire Insurance Company v. Ford Motor Company, 174 F.3d 801, 804 (6th Cir. 1999). Our Circuit has held that "[t]he rules that apply to the spoiling of evidence and the range of appropriate sanctions are defined by state law." Id.

Under Michigan law, "[a] trial court has the authority, derived from its inherent powers to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation is commenced. MASB-SEG Prop./Cas. Pool, Inc. v. Metalux, 231 Mich.App. 393, 400 (1998). A sanction may be appropriate "regardless of whether the evidence is lost as the result of a deliberate act or simple negligence, [as] the other party is unfairly prejudiced . . .." Brenner v. Colk, 226 Mich.App. 149, 161 (1997).

The evidence here clearly establishes that Homayoun Ghassemi, while in the employ of Easton, engaged in a series of communications with the Defendants, and that he acted in Defendants' behalf in facilitating negotiations by Warrior for the purchase of Innovative Hockey. The evidence further establishes that Ghassemi, on the eve of his departure from Easton, accessed a large number of that company's confidential electronic documents. A substantial amount of confidential Easton information was transferred to Ghassemi's personal Yahoo account, and several confidential documents were downloaded to a disc. The contents of the disc were thereafter "experienced" by a

7

computer assigned to Ghassemi by Warrior. The evidence further discloses that Ghassemi terminated his Yahoo contract for computer services immediately after Warrior received notice of Plaintiff's lawsuit. The inevitable, and fully foreseeable result of that contract termination was the loss of relevant evidence which would otherwise have been recoverable. Ghassemi's destruction of that evidence, and the introduction of the contents of the disc to his Warrior computer occurred during his agency relationship with Warrior, long after Easton's suspicions were communicated to him by Warrior, and immediately after the filing of this action. Furthermore, Ghassemi has not produced the CD, despite clear evidence of his access to it subsequent to his departure from Easton.

The Court must consider the reasons for destruction of evidence and determine if they support an inference of bad faith. I am satisfied that Ghassemi's several sworn declarations regarding his departure from Easton with confidential information were false. Defendants have essentially conceded that Ghassemi's conduct supports an inference of bad faith. They simply maintain that the wrongful conduct of Ghassemi was not solicited by them and should not expose them to sanctions. There is evidence, however, suggesting that Ghassemi's lack of loyalty to Easton was known, if not solicited, by Warrior. Ghassemi actively facilitated the efforts of Warrior (an Easton competitor) to negotiate with Kunisaki. The business plan which Ghassemi and Morrow (and LeCuyer) transmitted clearly referenced Innovative Hockey, and "Holmes" (Ghassemi) materially assisted in evaluating and effectuating Warrior's acquisition of that company while he was still in Easton's employ. The lack of recollection experienced by both Morrow and Ghassemi on this subject is, to say the least, incredible. No innocent explanation for Ghassemi's destruction of his Yahoo account has been presented. Nor has he explained the fact that data from a CD he

admitted making but denied taking from Easton was found on his Warrior computer. There is definite evidence that Easton information was transmitted to a Warrior computer both from that CD and from Ghassemi's Yahoo account. Ghassemi unquestionably knew that, and a case can be made that Warrior should have done more to detect and preserve relevant data under Ghassemi's control.

Defendants argue that Easton is unable to prove that any relevant communication of its confidential information was made beyond Ghassemi's Warrior computer. Similarly, Plaintiff is unable to present definitive evidence as to whether the documents "experienced" by Ghassemi's Warrior computer were viewed on Ghassemi's computer by other agents of the Defendants. I find those facts insufficient to forestall the imposition of some sanction. It is impossible for Plaintiff to identify communications from Ghassemi's Yahoo account which have been lost, and it would be unfair to insist upon a clear and definite showing of prejudice in light of the fact that Ghassemi, who clearly rendered assistance to Warrior long before his resignation was submitted to Easton, destroyed the most likely sources of corroborative proof. Based upon the presentations of the parties, I am not unalterably persuaded that Defendants' failure to ensure the preservation of Ghassemi's electronic data was the result of bad faith on their part. I am satisfied, however, that the evidence available could persuade a reasonable and unbiased fact finder that Morrow (at least) was aware of Ghassemi's abuse of Easton's confidential records, and not the least bit interested in ensuring their preservation on Ghassemi's or Warrior's computer systems. Even the negligent destruction of evidence is prejudicial to an opposing party, and undermines the litigation process. I conclude that the standard has been met. Thus, I find that a sanction is appropriate in this case.

Justice requires that any sanction imposed be proportionate to the circumstances. Dismissal of a claim or defense is an extreme sanction and should be imposed only in extreme situations where there is evidence of wilfulness, bad faith, or substantial fault by a non-complying party.  While I find that the evidence in this case might support a finding of wilfulness, I do not find that it compels such a conclusion.  Accordingly, a lesser sanction is appropriate.

A special instruction advising the jury that destroyed evidence may be presumed to be unfavorable to the party who is responsible for its destruction has been held to be an appropriate sanction for the spoiling of evidence.  Beck v. Haik, 337 F.3d 624, 641 (6th Cir. 2004).  I find that an appropriate sanction for Defendants' failure to prevent the spoliation of evidence by its agent, Ghassemi, in this instance would be: (a) an Order allowing Plaintiff to present evidence of the Defendants' failure to preserve the electronic data; (b) an instruction to the jury that it may presume, based upon the spoliation, that the evidence destroyed would have been favorable to Plaintiff; and (c) an Order permitting counsel for Easton to argue in favor of the negative inference.  The ultimate decision in such matters, however, should be reserved to the trial judge.

I further find that the reasonable attorney fees and costs associated with Easton's preparation and prosecution of the motion regarding newly disclosed evidence and for sanctions should be imposed upon Defendants.

IT IS THEREFORE ORDERED that Easton Sports, Inc.'s Motion Regarding Newly Disclosed Evidence and For Sanctions is Granted in Part.  I recommend that the district court judge permit Plaintiff to offer evidence and argument relating to the Defendants

spoliation of evidence and that an appropriate jury instruction be given with regard to the same.

IT IS FURTHER ORDERED that Plaintiff, Easton Sports, Inc., shall document to the magistrate judge, within twenty-one (21) days, the attorney fees and costs incurred in connection with the preparation, filing and prosecution of the within motion. Defendant may file a response to the documentation within fourteen (14) days after it is served.

All of which is ordered this 28th day of September, 2006.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 28, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 28, 2006. **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217